Mr. Justice Figueras did not sit at the hearing of this case.

---

## Ex Parte Filbrick.

### Appeal from the District Court of San Juan.

#### No. 36.—Decided October 12, 1903.

DOMINION TITLE.—PUBLIC, PEACEABLE AND UNINTERRUPTED POSSESION.— A judicial declaration of ownership cannot be made in proceedings therefor if the time during which the property has been in the possession of the previous owners does not appear, or that petitioner has acquired the property as owner by public, peaceable and uninterrupted possession.

#### STATEMENT OF THE CASE.

In the appeal pending before us, taken by Charles F. Filbrick, who entered an appearance in this Supreme Court through his counsel, Juan Guzmán Benítez, this court is asked to reverse an order made by the District Court of San Juan, which literally reads:

"Porto Rico, March 20, 1903. Charles F. Filbrick, of legal age, a bachelor and property owner, filed a petition in this court, stating that he was the owner of a tract of land situated in *barrio* "Mucarabones", within the municipal district of Toa-Alta, consisting of thirty-four *cuerdas* and one hundred and forty-six *varas*, equal to thirteen hectares, thirty-one ares, and twelve centares, bounded on the north by lands belonging to petitioner, on the south by the "Eucardia" brook and lands belonging to Dr. Leonhart, on the east by lands belonging to Pedro Dávila, Dr. Leonhart and John

Leonhart, por el Este con Pedro Dávila, Dr. Leonhart y Mr. John Bitter, y por el Oeste con Joaquin Andino y Martin Hernández. Que dicho terreno lo hubo por compra de cuatro cuerdas, dos mil siete varas trescientos noventa y un centavos á Manuel Erazo, y veinte y nueve cuerdas, dos mil sesenta y nueve varas cincuenta centavos de otra á Martin Medina hace el espacio de dos meses, desde cuya fecha lo viene poseyendo quieta y pacíficamente y sin interrupción de nadie, y su valor es de trescientos cuarenta dollars; y que careciendo de título inscrito á los efectos del Registro, promovía este expediente de conformidad con lo dispuesto en el artículo 395 de la Ley Hipotecaria.

*Resultando:* que previa audiencia del Ministerio Fiscal, en providencia de dos de Enero último se dispuso que con citación de dicho Ministerio, de las personas de quienes procedían los bienes, de los que tuvieran en ellos algún derecho real y de los colindantes, se practicasen las pruebas propuestas en el término de sesenta días, convocándose á las personas ignoradas á quienes pudiera perjudicar la inscripción, por medio de edictos que se fijaran en los sitios públicos y se publicaran por tres veces en un periódico de los de más circulación.

*Resultando:* que fijados y publicados los edictos en tres números del "Boletin Mercantil", del 7, 8 y 9 de Enero último, transcurrió con exceso el término de sesenta días antes indicado, sin que durante él ni posteriormente se haya presentado ninguna reclamación contra la pretensión deducida, y habiéndose evacuado en el mismo periodo las pruebas propuestas por el promovente con citación del Ministerio Fiscal, de los vendedores Don Martin Medina y Don Mannel Erazo quienes declararon á tenor de los hechos relacionados, y de los colindantes del predio mencionado, y además declararon dos testigos, vecinos de Bayamón, mayores de edad, y á quienes el Secretario certifica conocer, constante y ser ciertos los hechos referidos.

*Resultando:* que en la tramitación de este expediente se han observado las reglas del procedimiento.

*Considerando:* que no constando el tiempo que venían poseyendo la finca objeto de este expediente las personas de quienes las hubo el promovente, y sí tan solo que éste la adquirió ha dos meses, no existen términos hábiles para que el Tribunal pueda apreciar si ha tenido lugar la adquisición del dominio por la posesión pacífica no interrumpida y á título de dueño, no constando tampoco la adquisición de dicho derecho por ninguno de los otros medios que la ley establece.

Vistos los artículos 395 de la Ley Hipotecaria y 1831, 1840, 1841 y 1842 del Código Civil y Orden General de 4 de Abril de 1899. No ha lugar á declarar justificado el dominio de la finca de que se trata por falta de haber probado dicho derecho. Lo acuerdan por mayoría disintiendo el Juez Pre-

Bitter, and the west by lands belonging to Joaquín Andiño and Martín Hernández; that he acquired said land by purchase of four *cuerdas* and two thousand and seven *varas* and three hundred and ninety-one thousandths of a *vara* from Manuel Erazo, and twenty-nine *cuerdas* and two thousand and sixty-nine *varas* and one half of a *vara* from Martín Medina, about two months before, since which time he has been in quiet and peaceful possession of said property without any interruption by anybody, the value thereof being three hundred and forty dollars; and as he had no title of ownership recorded for the purposes of the Registry, he instituted these proceedings in conformity with the provisions of article 395 of the Mortgage Law.

After hearing the representative of the Attorney-General an order was issued under date of January 2, 1903, directing that citation be made upon the persons from whom said property was acquired, and such as might have any property right therein, and the adjoining land owners and that the evidence proposed be taken within the period of sixty days, and that a summons be issued, by means of proclamations posted in public places and published three times in one of the papers having the largest circulation, to any unknown persons who might be prejudiced by the record sought.

Said proclamation having been posted and published in three issues of the "Boletín Mercantil", to wit, January 7, 8 and 9, 1903, and the aforesaid period of sixty days having elapsed without any claim having been presented, either during the said period or thereafter, in opposition to the title applied for, and the evidence proposed having been introduced and the Department of Justice having been cited, as well as the vendors Medina and Erazo, who testified to the facts above set forth, and the adjoining land owners having also been cited, as also two witnesses, residents of Bayamón, known to the clerk, who testified to the truth of aforesaid facts.

The rules of procedure have been observed in the conduct of this proceeding. Inasmuch as the time during which the property in question had been in the possession of the persons from whom the petitioner had acquired it does not appear, but only the fact of its having been bought by the latter two months before, the court is unable to determine whether there had been an acquisition of ownership by peaceful and uninterrupted possession as owner, nor does acquisition by any of the other means established by law appear from the record.

In view of articles 395 of the Mortgage Law, 1831, 1840, 1841 and 1842 of the Civil Code, and General Order of April 4, 1899, a declaration of ownership with respect to the property in question, does not lie. The above decision is concurred in and signed by a majority of the court, the presiding judge dissenting, to which I certify—Juan Morera Martinez—Richmond—, José Tous Soto—Luis Méndez Vaz".

sidente, los Sres. del Tribunal y firman de que certifico.—Juan Morera Martinez.—Richmond.—José Tous Soto.—Luis Mendez Vaz.

*Resultando:* que notificado este auto á dicho Charles F. Filbrick, interpuso recurso de apelación, que se admitió libremente, y con citación y emplazamiento de las partes se elevaron los autos á esta Superioridad, en donde se personó en tiempo el apelante, quien evacuó el trámite de instrucción que se le confirió, así como el Fiscal, quien impugnó el recurso.

*Resultando:* que señalado día para la vista, tuvo ésta lugar el 9 del corriente, en cuyo acto el Honorable Assistant Attorney General alegó cuanto estimó conducente á su derecho, no mostrándose parte el apelante.

Abogado del apelante: *Sr. Guzmán Benitez, (Juan).*

Fiscal del Tribunal Supremo: *Sr. del Toro.*

### Opinión del Tribunal.

No. 37.—Resuelto en Octubre 14, 1903.

Notice of this order having been served upon the said Charles F. Filbrick, he took an appeal therefrom, which was allowed, and the parties being cited, the record was sent up to this Supreme Court, where in due time the appellant appeared, and examined and returned the same as also the *Fiscal* by whom the appeal was opposed.

A day was set for the hearing which took place on the 9th instant, when the Attorney-General presented such arguments in support of his position as were deemed pertinent, the appellant having failed to appear.

Mr. *Juan de Guzmán Benítez*, for appellant.

Mr. *del Toro*, *Fiscal* of the Supreme Court.

### Opinion of the Court.

Accepting the findings of fact and conclusions of law upon which the decision appealed from is based, and in view of the legal provisions cited therein, we adjudge that we should affirm, and do affirm, the order made by the District Court of San Juan, March 20, 1903, with costs against appellant.

Chief Justice Quiñones, and Justices Hernández, Sulzbacher and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.